United States Bankruptcy Court
Middle District of Pennsylvania

In re:                                                                       Case No. 17-02942-JJT
Martin Francis Casey, Jr.,                                                   Chapter 13
Nicole Michele Casey
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-5          User: TWilson            Page 1 of 2           Date Rcvd: Aug 31, 2017
                              Form ID: pdf002          Total Noticed: 65

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 02, 2017.

```
db/jdb     +Martin Francis Casey, Jr.,,   Nicole Michele Casey,    2 Kohler Ave.,    Old Forge, PA 18518-1720
cr         +ESSA Bank & Trust,    1065 Highway 315,    Cross Creek Pointe,    Wilkes-Barre, PA 18702-6941
cr         +UFCW Community Credit Union,    1460 Sans Souci Parkway,    Hanover Township, PA 18706-6026
4945569    +Capital One,    PO Box 30285,    Salt Lake City, UT 84130-0285
4945570    +Chase,    PO Box 15298,    Wilmington DE 19850-5298
4945571     Commonwealth Health,    1605 Valley Center Pkwy, Ste 200,    Bethlehem, PA 18017-2345
4945572    +Community Bank, N.A.,    45-49 Court Street,    P.O. Box 509,    Canton, NY 13617-0509
4945577    +E.M. Pagilarini, DMD,    1291 Wyoming Ave.,    Exeter, PA 18643-1499
4956230    +ESSA Bank & Trust,    126 South Main Street,    Pittston, PA 18640-1739
4945581    +First Credit Union of Scranton,    605  Davis St.,    Scranton, PA 18505-3518
4945580    +First Credit Union of Scranton,    Customer Service,    P.O. Box 30495,    Tampa, FL 33630-3495
4945582    +First National Credit Card,    500 E. 60th St. N,    Sioux Falls, SD 57104-0478
4945583     First National Credit Card,    P.O. Box 5097,    Sioux Falls, SD 57117-5097
4945584     Geisinger - Viewmont Health Assoc.,    P.O. Box 828729,    Philadelphia, PA 19182-8729
4945585    +Geisinger Health System,    100 North Academy Ave.,    Danville, PA 17822-0001
4945586    +Hayt, Hayt & Landau,    123 S. Broad St., Suite 1660,    Philadelphia, PA 19109-1003
4945587    +IC System, Inc.,    444 Hwy. 96 East,    St. Paul, MN 55127-2557
4956229    +John Fisher, Esq.,    126 South Main Street,    Pittston, PA 18640-1741
4945588    +Keystone Medical Laboratorie,    P.O. Box 822848,    Philadelphia, PA 19182-2848
4945589    +Law offices of Tullio DeLuca,    381 N. 9th Avenue,    Scranton, PA 18504-2005
4945594    +Medical Data Systems,    2001 9th Ave.,    Ste. 312,    Vero Beach, FL 32960-6413
4945598    +Moses Taylor Hospital,    700 Quincy Ave,    Attn: Justin Davis CEO,    Scranton, PA 18510-1798
4945599    +NCC,    245 Main St.,    Dickson City, PA 18519-1641
4945601    +North Shore Agency,    270 Spagnoli Road,    Melville, NY 11747-3516
4945602    +Northeast Foot & Ankle Associates, LLC,    532 Main Street,    Suite 2,    Moosic, PA 18507-1001
4945608     PPL Electric Utilities,    827 Hausman Rd.,    Allentown, PA 18104-9392
4946032    +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4945604     Partners Healthcare,    399 Revolution Drive, Suite 402,    Somerville, MA 02145-1479
4945605     Pathology Associates of N.E.P.A.,    P.O. Box 822227,    Philadelphia, PA 19182-2227
4945606     Pathology Associates of NEPA,    P.O. Box 822227,    Philadelphia, PA 19182-2227
4945607    +Pay Pal Credit,    P.O. Box 5138,    Timonium, MD 21094-5138
4945609    +Professional Account Svcs.,    P.O. Box 188,    Brentwood, TN 37024-0188
4945610     Professional Orthopaedic Assoc. Ltd.,    3 West Olive St., Ste. 118,    Scranton, PA 18508-2576
4945612    +Radiological Consultants Inc,    3625 Quakerbridge Rd,    Hamilton, NJ 08619-1268
4945613    +Ratchford Law Group, PC,    409 Lackawanna Ave., Suite 320,    Scranton, PA 18503-2059
4945614     Raymond Khoudary, MC PC,    190 S. River St.,    Plains, PA 18705-1149
4945615    +Regency Consumer Discount Co,    393 Meridian Ave.,    Scranton, PA 18504-2630
4945617    +Tiffany Griffiths, Psy D & A,    502 N. Blakely St.,    Dunmore, PA 18512-1943
4945619    +Transworld Systems, Inc.,    PO Box 17221,    Wilmington, DE 19850-7221
4945620    +UFCW Fed. Credit Union,    377 Wyoming Ave.,    Wyoming, PA 18644-1821
4945621    +Verizon Bankruptcy Dept.,    500 Technology Drive,    Suite 550,    Weldon Spring, MO 63304-2225
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
4945566    +E-mail/Text: seinhorn@ars-llc.biz Aug 31 2017 19:03:20     Ability Recovery Svcs. LLC,
             P.O. Box 4031,    Wyoming, PA 18644-0031
4945567    +E-mail/Text: khaffn@allied-services.org Aug 31 2017 19:02:50     Allied Services,
             Attn: Kelly Haffner, Collection Coordina,    100 Abington Executive Park,
             Clarks Summit, PA 18411-2260
4945568    +E-mail/Text: banko@berkscredit.com Aug 31 2017 19:02:32     Berks Credit & Collection,
             900 Corporate Drive,    Reading, PA 19605-3340
4945573    +E-mail/PDF: creditonebknotifications@resurgent.com Aug 31 2017 19:09:37     CreditOne,
             P.O. Box 98873,    Las Vegas, NV 89193-8873
4945574     E-mail/Text: mrdiscen@discover.com Aug 31 2017 19:02:25     Discover,    P.O. Box 30943,
             Salt lake City, UT 84130
4945575     E-mail/Text: mrdiscen@discover.com Aug 31 2017 19:02:25     Discover Bank,    P.O. Box 3025,
             New Albany, OH 43054-3025
4945576    +E-mail/Text: bankruptcynotices@dcicollect.com Aug 31 2017 19:03:11
             Diversified Consultants, Inc,    P.O. Box 551268,    Jacksonville, FL 32255-1268
4945578    +E-mail/Text: collectfax@essabank.com Aug 31 2017 19:03:09     ESSA,    200 Palmer St.,
             P.O. Box L,    Stroudsburg, PA 18360-0160
4945579     E-mail/Text: data_processing@fin-rec.com Aug 31 2017 19:02:34
             Financial Recovery Services, Inc.,    P.O. Box 385908,    Minneapolis, MN 55438-5908
4945590    +E-mail/PDF: resurgentbknotifications@resurgent.com Aug 31 2017 19:09:41     LVNV Funding LLC,
             P.O. Box 10497,    Greenville, SC 29603-0497
4957901    +E-mail/Text: camanagement@mtb.com Aug 31 2017 19:02:35     Lakeview Loan Servicing, LLC,
             c/o M&T Bank,    P.O. Box 840,    Buffalo, NY 14240-0840
4945591     E-mail/Text: camanagement@mtb.com Aug 31 2017 19:02:35     M&T Bank,    1100 Wehrle Drive,
             Williamsville, NY 14221
4945592     E-mail/Text: camanagement@mtb.com Aug 31 2017 19:02:35     M&T Bank,
             Lending Services, Customer Support,    P.O. Box 1288,    Buffalo, NY 14240-1288
4945595    +E-mail/Text: bkr@cardworks.com Aug 31 2017 19:02:23     Merrick Bank,    P.O. Box 9201,
             Old Bethpage, NY 11804-9001
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
4945596        +E-mail/Text: bankruptcydpt@mcmcg.com Aug 31 2017 19:02:49      Midland Funding LLC,
                 8875 Aero Dr, Ste 200,    San Diego, CA 92123-2255
4945597        +E-mail/Text: mmrgbk@miramedrg.com Aug 31 2017 19:02:55      Miramed Revenue Group,
                 991 Oak Creek Dr.,    Lombard, IL 60148-6408
4955094         E-mail/PDF: cbp@onemainfinancial.com Aug 31 2017 19:09:29      ONEMAIN,   P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
4945603        +E-mail/PDF: cbp@onemainfinancial.com Aug 31 2017 19:09:29
                 OneMain Financial Bankruptcy Dept.,    P.O. Box 6042,    Sioux Falls, SD 57117-6042
4962664        +E-mail/Text: csc.bankruptcy@amwater.com Aug 31 2017 19:03:25      Pennsylvania American Water Co,
                 PO Box 578,    Alton, IL 62002-0578
4953968         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 31 2017 19:02:43
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg PA 17128-0946
4945611        +E-mail/Text: jrodgers@4rai.com Aug 31 2017 19:03:23      Radiological Consultants,
                 6 NESHAMINY INTERPLEX STE 207,    TREVOSE, PA 19053-6942
4945616         E-mail/PDF: gecsedi@recoverycorp.com Aug 31 2017 19:10:05      Synchrony Bank/Amazon.com,
                 Attn: Bankruptcy Dept.,    P.O. Box 965060,   Orlando, FL 32896-5060
4945618        +E-mail/Text: bankruptcydepartment@tsico.com Aug 31 2017 19:03:18      Transworld Systems, Inc.,
                 507 Prudential Rd.,    Horsham, PA 19044-2308
4962665         E-mail/Text: bkrcy@ugi.com Aug 31 2017 19:03:16      UGI Utilities,   225 Morgantown Rd.,
                 Attn: Manager of Collections,    Reading, PA 19611
                                                                                              TOTAL: 24

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +First Credit Union of Scranton,    605 Davis Street,   Scranton, PA 18505-3518
cr*            +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
4945593*       +Martin Francis Casey, Jr.,,    2 Kohler Ave.,   Old Forge, PA 18518-1720
4945600*       +Nicole Michele Casey,    2 Kohler Ave.,   Old Forge, PA 18518-1720
4945622       ##Wells Fargo Financial,    4143 121st Street,   Urbandale, IA 50323-2310
                                                                                       TOTALS: 0, * 4, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2017                                         Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 31, 2017 at the address(es) listed below:
              Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com, dehartstaff@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor   LakeView Loan Servicing, LLC bkgroup@kmllawgroup.com
              John Fisher    on behalf of Creditor    UFCW Community Credit Union johnvfisher@yahoo.com,
               fisherlawoffice@yahoo.com
              John Fisher    on behalf of Creditor    ESSA Bank & Trust johnvfisher@yahoo.com,
               fisherlawoffice@yahoo.com
              John Francis Kulick    on behalf of Creditor    First Credit Union of Scranton
               john@thekulicklawfirm.com
              Tullio DeLuca    on behalf of Joint Debtor Nicole Michele Casey tullio.deluca@verizon.net
              Tullio DeLuca    on behalf of Debtor Martin Francis Casey, Jr., tullio.deluca@verizon.net
              United States Trustee   ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 8
```

```
                    IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

****************************************************************************
 IN RE:                              :        CHAPTER 13
MARTIN FRANCIS CASEY, Jr.,           :
a/k/a Martin F. Casey, Jr.,          :
a/k/a Martin F. Casey                :
a/k/a Martin Francis Casey           :
a/k/a Martin F. Casey                :
a/k/a Martin Casey                   :
a/k/a Marty Casey                    :
                                     :
                                     :
NICOLE MICHELE CASEY                 :
a/k/a Nicole M. Casey                :
a/k/a Nicole Casey                   :
a/k/a Nicole M. Zarecki              :
a/k/a Nicole Zarecki                 :
a/k/a Nicole Michele Zarecki         :
                                     :
            Debtor(s)                :        CASE NO. 5:17-
                                    :(Indicate if applicable)
                                     : (  ) # MOTION(S) TO AVOID LIENS
                                     : (  )# MOTION(S) TO VALUE COLLATERAL
                                     :
                                     : ( x ) ORIGINAL PLAN
                                     : (  ) AMENDED PLAN
                                     :        (Indicate 1st, 2nd, 3rd, etc)
****************************************************************************

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## PLAN PROVISIONS

**DISCHARGE: (Check one)**

( x )   the Debtor will seek a discharge of debts pursuant to Section 1328(a).

(  )    the Debtor is not eligible for a discharge of debts because the Debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

( X ) this plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this Plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan payments:</u>

    1. To date, the Debtor(s) has paid $_____ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $14,652.00 plus other payments and property stated in Paragraph B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
    |---|---|---|---|---|
    | 08/17 | 07/20 | $407.00 | | $14,652.00 |
    |  |  |  |  |  |
    |  |  |  |  | $14,652.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to confirm to the terms of the plan.

    4. CHECK ONE:      ( x) Debtor(s) is at or under median income
                                         ( ) Debtor(s) is over median income. Debtor(s) calculates

Case 5:17-bk-02942-JJT    Doc 7    Filed 07/17/17    Entered 07/17/17 14:31:51    Desc
Main Document     Page 2 of 9
Case 5:17-bk-02942-JJT    Doc 24    Filed 09/02/17    Entered 09/03/17 00:51:32    Desc
Imaged Certificate of Notice     Page 4 of 11

> that a minimum of $0.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

- B. <u>Liquidation of Assets</u>

    1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of _____ from the sale of property known and designated as _____ . All sales shall be completed by _____ If the property does not sell by the date specified, then the disposition of the property shall be as follows:

    2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

        Non-exempt proceeds from workers compensation claim.

    3. The Debtor estimates that the liquidation value of this estate is $0.00 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of the Trustee fees and priority claims.

**2. SECURED CLAIMS**

- A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes o the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan

payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| M&T Bank<br>1100 Wehrle Dr.,<br>Williamsville, NY 14221<br>Acct#9644 | 2 Kohler Ave.,<br>Old Forge, PA 18518 | $1,151.00 | $149,465.00 |
| UFCW Fed. Credit Union<br>377 Wyoming Ave.,<br>Wyoming, PA 18644<br>Acct#3148 | 2005 Hyundai Tucson | $301.00 | $5,555.00 |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor of the Trustee objects to a Proof of Claim and the Objection is sustained, or if the plan provides for payment of amounts greater that the allowed Proof of Claim, the creditor's claim will be paid in the amount allowed by the Court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition arrears to be cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M&T Bank<br>1100 Wehrle Dr.,<br>Williamsville, NY 14221<br>Acct#9644 | 2 Kohler Ave.,<br>Old Forge, PA 18518 | $6,700.00 | None | $6,700.00 |
| UFCW Fed. Credit Union<br>377 Wyoming Ave.,<br>Wyoming, PA 18644<br>Acct#3148 | 2005 Hyundai Tucson | $610.00 | None | $610.00 |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| **Capital One** | **2 Kohler Ave., Old Forge, PA 18518** | **Zero** | **N/A/** | **Zero** | **Adversary** |
| **Capital One** | **2 Kohler Ave., Old Forge, PA 18518** | **Zero** | **N/A/** | **Zero** | **Adversary** |
| **Community Bank, N.A.** | **2 Kohler Ave., Old Forge, PA 18518** | **Zero** | **N/A** | **Zero** | **Adversary** |
| **Discovery** | **2 Kohler Ave., Old Forge, PA 18518** | **Zero** | **N/A** | **Zero** | **Adversary** |
| **Midland Funding, LLC** | **2 Kohler Ave., Old Forge, PA 18518** | **Zero** | **N/A** | **Zero** | **Adversary** |
| **Midland Funding, LLC** | **2 Kohler Ave., Old Forge, PA 18518** | **Zero** | **N/A** | **Zero** | **Adversary** |

**\*"PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. Other Secured Claims. (Including conduit payments)

| Name of Creditor | Description of collateral | Principal balance of Claim | Interest Rate | Total to be paid in the plan |
|---|---|---|---|---|
| | | | | |

F. Surrender of Collateral: Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of collateral to be Surrendered |
|---|---|
| | |

G. Lien Avoidance. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of collateral |
|---|---|
| **Regency Consumer Dsct. Co..,** | **Non purchase money security interest in household furnishings and goods**<br><br>**\*\* Debtor shall file to Motion to avoid non-purchase money security interest in the above property.** |

H. Optional provisions regarding duties of certain mortgage holders and servicers. Property of the estate vests upon closing of the case, and Debtor elects to include the following provision (Check if applicable)

( x ) Confirmation of the Plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following**:**

    (1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

    (2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

   A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under paragraph 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

   B. <u>Administrative Claims</u>:

   (1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

   (2) Attorney fees. Check one box:

   ( x ) In addition to the retainer of $ 1,000.00.   Already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

   (  ) $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

   (3) Other administrative claims:

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B. <u>Claims of General Unsecured Creditors</u>. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | | | | | |

6. **REVESTING OF PROPERTY:** (Check One)

( ) Property of the estate will vest in the Debtor upon confirmation.(Not to be used with paragraph 2H)

( x ) Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows: (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section:

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | | | | |

8. **Other Plan Provisions**

A. Include the additional provisions below or on an attachment. (NOTE: The Plan and any attachment must be filed as one document, not as a plan and exhibit.)

**The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:**

| | | |
|---|---|---|
| **Chapter 13 Trustee** | $ | 989.00(est.) |
| **Tullio DeLuca, Esq.,** | $ | 3,000.00 |
| **M& T Bank** | $ | 6,700.00 (arrears) |
| **UFCW** | $ | 610.00 (arrears) |
| **Unsecured Creditors - prorata basis** | $ | 2,053.00 |
| **Total:** | $ | 14,652.00 |

The Chapter 13 Trustee payment shall be made to the following address:

        CHARLES J. DEHART, III, ESQ.
        P.O. BOX 7005
        LANCASTER, PA 17604

9.     **ORDER OF DISTRIBUTION:**

Payments from the plan will me made by the trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____

Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Secured claims, pro rata.
Level 5:     Priority claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated:   July 17, 2017        /s/Tullio DeLuca
                                       Attorney for Debtor

                                       /s/Martin Francis Casey, Jr.
                                       Debtor

                                       /s/Nicole Michele Casey
                                       Joint Debtor

Case 5:17-bk-02942-JJT   Doc 7   Filed 07/17/17   Entered 07/17/17 14:31:51   Desc
Main Document     Page 9 of 9
Case 5:17-bk-02942-JJT   Doc 24   Filed 09/02/17   Entered 09/03/17 00:51:32   Desc
Imaged Certificate of Notice     Page 11 of 11